1  WO

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9  Wilfred R. Kerr, Jr.,                    No. CV-12-08065-PCT-JAT

10                Plaintiff,                **ORDER**

11  v.

12  First Franklin, a national association; Bank
    of America, N.A., a national association;
13  Deutsche Bank National Trust Company, as
    Trustee for the Certificate Holders of the
14  First Franklin Mortgage Loan Trust 2006-
    FF4, Mortgage Pass-through Certificates
15  Series 2006-FF4,

16                Defendants.

17        Pending before the Court are (1) Defendants' Motion to Dismiss (Doc. 9) and

18  Plaintiff's Motion for Preliminary Injunction (Doc. 16).

19  **I.      BACKGROUND**

20        On January 9, 2006, Defendant First Franklin caused two Deeds of Trust to be

21  recorded in the Navajo County Recorder's Office.   The first Deed of Trust ("DOT-1")

22  creates a security interest in 2862 Homestead Road Overgaard, Arizona 85933 (the

23  "Property") based on a promissory note in the amount of $302,400.  The second Deed of

24  Trust ("DOT-2") also creates a security interest in the Property based on a promissory

25  note in the amount of $75,600.  In his Complaint, Plaintiff alleges that he never signed

26  DOT-1, DOT-2, or the promissory notes that those Deeds of Trust claim to secure.

27  Plaintiff alleges that his signatures on all four of the Deeds of Trust and Promissory

28  Notes are forgeries.

On December 29, 2011, Defendant Deutsche Bank, acting through its agent, Bank of America, issued a "Statement of Breach or Non-Performance and Election to Sell Under the Deed of Trust" in which Defendants claimed that Plaintiff had breached his obligations under one of the promissory notes.

In Count One of his Complaint, Plaintiff alleges that Defendant First Franklin violated Arizona Revised Statutes section 33-420(A) by recording DOT-1 and DOT-2 knowing or having reason to know that the documents were forged, groundless, and contained a material misstatement or false claim.[1]  As relief for this violation, Plaintiff seeks to have the Court "clear title" to the Property pursuant to Arizona Revised Statutes section 33-420(B) (Count Two).[2]  In Count Three of his Complaint, Plaintiff alleges that Defendant Deutsche Bank, acting through its agent, Defendant Bank of America, and

---

[1]     Arizona Revised Statutes section 33-420(A) provides,

> A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.

Ariz. Rev. Stat. § 33-420(A).

[2]  Arizona Revised Statutes section 33-420(B) provides,

> The owner or beneficial title holder of the real property may bring an action pursuant to this section in the superior court in the county in which the real property is located for such relief as is required to immediately clear title to the real property as provided for in the rules of procedure for special actions. This special action may be brought based on the ground that the lien is forged, groundless, contains a material misstatement or false claim or is otherwise invalid. The owner or beneficial title holder may bring a separate special action to clear title to the real property or join such action with an action for damages as described in this section. In either case, the owner or beneficial title holder may recover reasonable attorney fees and costs of the action if he prevails.

Ariz. Rev. Stat. § 33-420(B).

ReconTrust Company recorded a Notice of Sale, knowing or having reason to know, that the Notice of Sale was based on DOT-1, which they knew or had reason to know was forged, groundless and contained a material misstatement or false claim in violation of Arizona Revised Statutes section 33-420(C).[3]   In Count Four, Plaintiff alleges that "[d]espite being a forgery, DOT-1 creates a relationship between Defendant Deutsche Bank, Defendant Bank of America, and Plaintiff" (Doc. 1-1 at ¶ 47) and Defendants Deutsche Bank and Bank of America breached their duty to act fairly and in good faith when dealing with Plaintiff.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants seek to dismiss the Complaint for failure to state a claim upon which relief can be granted.  The Trustee's Sale of the Property is currently set for September 4, 2012.  Plaintiff seeks an injunction preventing Defendants from selling the Property at the Trustee's Sale.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8.  Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed

---

[3]   Arizona Revised Statutes section 33-420(C) provides,

> A person who is named in a document which purports to create an interest in, or a lien or encumbrance against, real property and who knows that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid shall be liable to the owner or title holder for the sum of not less than one thousand dollars, or for treble actual damages, whichever is greater, and reasonable attorney fees and costs as provided in this section, if he wilfully refuses to release or correct such document of record within twenty days from the date of a written request from the owner or beneficial title holder of the real property.

Ariz. Rev. Stat. § 33-420(C).

factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).  The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

Rule 8's pleading standard demands more than "an unadorned, the-defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (citing *Twombly,* 550 U.S. at 555).  A complaint that offers nothing more than blanket assertions will not suffice.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Id.*  Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*  Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.*  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States,* 234 F.3d 428, 435 (9th Cir.2000).  Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation, *Papasan,* 478 U.S. at 286, or an allegation that contradicts facts that may be judicially noticed by the Court, *Shwarz,* 234 F.3d at 435.

## III.   ANALYSIS

Defendant moves to dismiss Plaintiff's Complaint because Plaintiff has failed to sufficiently plead enough facts to state a claim in his Complaint.  The Court agrees.

1   With regard to Count I, Plaintiff's claim that Defendant First Franklin filed Deeds

2   of Trust with Plaintiff's forged signature is conclusory and is not pleaded with sufficient

3   facts.  In Response to Defendant's Motion to Dismiss, Plaintiff provides facts not given

4   in the Complaint and admits that he

5         did borrow money from Defendant First Franklin Financial
6         Corporation . . . and did sign promissory notes.  The
      promissory notes signed by Plaintiff, however, bore interest at
7     a low fixed rate while the promissory notes Defendants rely
      upon bear high adjustable rates.  Plaintiff made payments on
8     the promissory notes for years and is well ahead on payments.
      Despite numerous requests, Defendants have failed and
9     refused to provide an account of how his payments were
      applied so that it can be determined the amount of Plaintiff's
10    overpayment and the date(s) when his monthly payments
      should begin anew sometime in the future.

11  Doc. 12 at 2 n.1.  Plaintiff, thus, acknowledges that he did enter into a transaction where

12  he accepted a loan from Defendant First Franklin and that he did sign promissory notes.

13  To plausibly state a claim that Defendants later replaced the documents that

14  Plaintiff actually signed with forgeries, Plaintiff must plead some facts that gave rise to

15  the recording of the alleged forgeries and how those documents were forgeries.  For

16  example, Plaintiff could plead the terms in the promissory notes and deeds of trust that he

17  allegedly signed that were different than the terms in the deeds of trust that were recorded

18  in the Navajo County Recorder's Office.  Without some detail as to facts surrounding the

19  recordings of the alleged forgeries, the Court is unable to find that Plaintiff has stated a

20  claim with any plausibility.  Rather, Plaintiff's current Complaint appears to simply

21  parrot the elements of Arizona Revised Statutes section 33-420(A).  This is not enough to

22  survive a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Bell*

23  *Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (the pleader's obligation to provide the

24  grounds for relief requires "more than labels and conclusions, and a formulaic recitation

25  of the elements of a cause of action will not do.") (internal citation omitted).  Further,

26  Plaintiff cannot simply allege that the Deeds of Trust and promissory notes were forged.

27  Rather, Plaintiff must allege that all of his signatures and initials were forged, or which of

28

- 5 -

1  his signatures or initials were forged and the pages on which they were forged.

2  Further, to the extent that Plaintiff relies on Arizona Revised Statutes section 33-

3  420(B)[4] to claim he is entitled to "clear title" on the Property, it is not clear to the Court

4  from the Complaint, as currently pleaded, how Plaintiff is entitled to this relief.   If

5  "forged" deeds were recorded in the County Recorder's Office that contained different

6  terms than those Plaintiff agreed to, Plaintiff would likely be entitled to recover damages

7  he incurred to the extent such a forgery actually damaged him.   However, Plaintiff cites

8  to no law, and the Court is aware of no law, that would entitle Plaintiff to "clear liens" on

9  the Property that Plaintiff admits exist.   It appears to the Court that, as currently pleaded,

10  Plaintiff seeks relief that would result in an unjust enrichment to Plaintiff.   Thus, Count

11  Two fails to state a claim upon which relief can be granted because Plaintiff has not

12  pleaded facts that would entitle him to the remedy envisioned by Arizona Revised

13  Statutes section 33-420(B).

14  Accordingly, Plaintiff has failed to state a claim upon which relief can be granted

15  in Counts One and Two of his Complaint.[5]

16  Defendant argues that Count Three of Plaintiff's Complaint should be dismissed

17  because Arizona Revised Statutes section 33-420(C) does not apply to notices of trustee's

18  sales and, even if it did, Plaintiff has failed to adequately plead that he followed the

19  notification procedure to allow Defendants to correct any alleged error in the Notice of

20  Sale as outlined section 33-420(C).

21  This Court has repeatedly found that "Arizona courts have interpreted § 33-420 to

22

23  _____

4  For the purposes of this Order only, the Court assumes that Arizona Revised
24  Statutes section 33-420(B) is the type of relief that is available to Plaintiff in this action.
The Court notes, however, that section 33-420(B) is explicit that it refers to "immediate"
25  relief and the Arizona Courts have, in other 33-420(B) contexts, interpreted this type of
relief only to be available when there is no reasonable dispute that the allegedly invalid
26  recording is indeed invalid.  *See, e.g., Evergreen West Inc. v. Boyd*, 810 P.2d 612, 618-19
(Ariz. Ct. App. 1991).

27  5  Further, it appears that Counts One and Two of Plaintiff's Complaint are likely
barred by the applicable statute of limitations.  *See Bishara v. U.S. Bank Home Mortgage*,
28  No. CV 11-1905-PHX-JAT, 2012 WL 1600006, at *5 (D. Ariz. May 7, 2012).

- 6 -

apply only to 'some sort of document purporting to create an interest, lien, or encumbrance, such as a lis pendens, mechanics lien, or the deed of trust itself . . . The Court could locate no authority applying this statute to assignments of mortgages and notices of trustee's sales.'" *See In re Mortgage Elec. Registration Sys. (MERS) Litig.,* MDL Docket No. 09–2119–JAT, 2011 WL 4550189, at *4–5 (D. Ariz. Oct. 3, 2011) (quoting *Schayes v. Orion Fin. Group, Inc.,* CV–10–2658–PHX–NVW, 2011 WL 3156303, at *6 (D. Ariz. July 27, 2011)).   Accordingly, Arizona Revised Statutes section 33-420(C) does not apply to the Notice of Trustee's Sale.  Therefore, Plaintiff has failed to state a claim upon which relief can be granted in Count Three and Count Three will be dismissed.

Defendants also move to dismiss Plaintiff's claims that Defendant Deutsche Bank and Bank of America breached the duty of good faith a fair dealing.  Defendants argue that this claim should be dismissed because Plaintiff claims that a contractual relationship arose between Plaintiff and Defendants from an allegedly forged document.  Indeed, in his Complaint, Plaintiff specifically alleges that "[d]espite being a forgery, DOT-1 creates a relationship between Defendants . . . and Plaintiff."  (Doc. 1-1 at ¶ 47). Defendants argue that Plaintiff cannot claim to have a contractual relationship with Defendants through a contract and also claim that the contract that creates the contractual relationship was forged.  The Court agrees.

Although Plaintiff now argues, in Response to Defendant's Motion to Dismiss, that "Plaintiff, however, has never claimed that no contractual agreement existed between him and Defendants," but rather claims "that the deeds of trust and promissory notes that are the subject of this action do not accurately reflect that agreement," (Doc. 12 at 11-12) Plaintiff's Complaint does not contain any allegations that a valid contract was entered into by Plaintiff and Defendants.  Because a claim for breach of the covenant of good faith and fair dealing cannot lie in the absence of an enforceable contract, *Rawlings v. Apodaca*, 726 P.2d 565, 569 (Ariz. 1986), and Plaintiff has failed to allege the existence

of an enforceable contract in his Complaint, Count Four will be dismissed for failure to state a claim upon which relief can be granted.

## IV.   LEAVE TO AMEND

The Ninth Circuit has instructed district courts to grant leave to amend, *sua sponte,* when dismissing a case for failure to state a claim, "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)). There is a "longstanding rule that '[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.'" *Id.* at 1129 (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 701 (9th Cir. 1990)).

Because it is not clear that Plaintiff's Complaint could not possibly be cured by allegations of other facts, Plaintiff will be given a reasonable opportunity to amend the Complaint.

## V.   CONCLUSION

Based on the foregoing, **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 9) is granted.  Plaintiff shall have 30 days from the date of this Order to file an amended complaint.  If Plaintiff fails to file an amended complaint within 30 days of the date of this Order, the Clerk of the Court shall dismiss this case with prejudice and enter judgment for Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. 16) is denied as moot.  The Court cannot enter an injunction unless the Court finds a likelihood of success on the merits or serious questions going to the merits.  *See Winter v. Natural Res. Def. Council,* 555 U.S. 7, 24–25 (2008); *Alliance for Wild Rockies v. Cottrell,* 632 F.3d 1127, 1134–35 (2011).  In light of the above-analysis such an injunction cannot be entered based on the allegations in Plaintiff's current Complaint.

//

/

- 8 -

The preliminary injunction hearing set for August 31, 2012 at 1:00 p.m. is vacated.

Dated this 22nd day of August, 2012.

James A. Teilborg
United States District Judge