1    WO

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Wilfred R. Kerr, Jr.,                    No. CV 12-08065-PCT-JAT

10                  Plaintiff,                 **ORDER**

11   v.

12   First Franklin, a national association; Bank
     of America, N.A., a national association;
13   Deutsche Bank National Trust Company, as
     Trustee for the Certificate Holders of the
14   First Franklin Mortgage Loan Trust 2006-
     FF4, Mortgage Pass-through Certificates
15   Series 2006-FF4,

16                  Defendants.

17           Pending before the Court are (1) Defendants' Motion to Dismiss Plaintiff's First

18   Amended Complaint (Doc. 32) and (2) Plaintiff's Motion for Preliminary Injunction

19   (Doc. 27).  The Court now rules on the Motions.[1]

20   _____

21       [1]   The Court has not considered the following in deciding the motion to dismiss:
22   (1) Exhibits 1 and 3-11 attached to Defendants' Motion to Dismiss First Amended
     Complaint with Prejudice (Doc. 32) and (2) the Sworn Declaration of William R. Kerr Jr.
23   in Support of Response to Motion to Dismiss First Amended Complaint attached to
     Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 38-1).  These documents
24   were not incorporated by reference in the Complaint and/or are not matters of which this
     Court can take judicial notice.  For the Court to consider these documents, the Court
25   would be required to convert the Motion to Dismiss into a Rule 56 Motion for Summary
26   Judgment.  The Court declines to convert the Motion to Dismiss.

27           Defendants argue that the Court may consider the Exhibits attached to their
28   Motion to Dismiss "because they were provided to Kerr in connection with the vacated

## I.   FACTUAL BACKGROUND[2]

On January 9, 2006, a Deed of Trust was recorded in the Navajo County Recorder's Office.   (Doc. 28 at ¶ 10).  The Deed of Trust creates a security interest in 2862 Homestead Road Overgaard, Arizona 85933 (the "Property") based on a promissory note in the amount of $302,400.  (*Id.*).  Plaintiff is named as the Trustor and identified as the borrower in the Deed of Trust.  (*Id.* at ¶ 11).  Plaintiff has owned the Property since June 15, 2005.  (*Id.* at ¶ 9).  Plaintiff alleges that he never signed the Deed of Trust.  (*Id.* at ¶ 13).  Plaintiff alleges that his purported signatures on the Deed of Trust are forgeries. (*Id.* at ¶ 18).

On December 5, 2011, an assignment of the deed of trust was recorded in the Navajo County Recorder's Office assigning the Deed of Trust to Deutsche Bank as trustee for the First Franklin Mortgage Loan Trust 2006-FF4, Mortgage Pass-Through Certificates, Series 2006-FF4 ("First Franklin").   On December 5, 2011, a Notice of Substitution of Trustee was recorded in the Navajo County Recorder's Office, which appointed Recontrust Company, N.A. as the successor trustee under the Deed of Trust.

---

preliminary injunction hearing, and Kerr does not dispute their authenticity." (Doc. 32 at 3).  While these documents may be considered if properly admitted at a preliminary injunction hearing, the Court is aware of no rule that would allow it to consider these documents in connection with Defendants' Motion to Dismiss.

Likewise, Plaintiff has cited to no rule that would allow the Court to consider his declaration attached to his Response to the Motion to Dismiss in deciding the Motion to Dismiss.  In testing the sufficiency of the Amended Complaint, the Court is limited to the allegations contained in the Amended Complaint and the Amended Complaint cannot be modified by a party's declaration or affidavit.

Accordingly, because none of the documents discussed above were relied upon, attached to, or incorporated by reference in the Amended Complaint and are not the type of documents of which the Court can take judicial notice, the Court has not considered these documents in ruling on the motion to dismiss.

[2]   All facts set forth in the Background section of this Order are as alleged in the Plaintiff's Amended Complaint.

1    (*Id.* at ¶ 23).

2         On December 5, 2011, Recontrust recorded a Notice of Trustee's Sale in the

3    Navajo County Recorder's office.  (Doc. 28 at ¶ 24).  The Trustee's Sale is currently set

4    to take place on October 4, 2012.  (Doc. 35).

5         On December 29, 2011, Defendant Deutsche Bank, acting through its agent, Bank

6    of America, issued a "Statement of Breach or Non-Performance and Election to Sell

7    Under the Deed of Trust," in which Defendants claimed that Plaintiff had breached his

8    obligations under the promissory note secured by the Deed of Trust.  (*Id.* at ¶ 43).

9         Plaintiff's Complaint contains two Counts.  Count One is an "action to clear title"

10   pursuant to Arizona Revised Statutes section 33-420(B).  Count Two seeks a preliminary

11   injunction[3] prohibiting Defendants from selling the Property until the merits of Count

12   One are resolved.

13   _____

14        [3]  Plaintiff attempts to incorporate by reference "each of the allegations contained

15   in "Plaintiff's Application for Preliminary Injunction re: Sep/04/2012 Trustee's Sale
     dated 03-Aug-2012. (Document #16)" into the Amended Complaint.  (Doc. 28 at ¶ 36).

16   It is not appropriate to incorporate a motion or statements or allegations contained in a
     motion by reference into an Amended Complaint.  While Federal Rule of Civil Procedure

17   10(c) allows statements in *pleadings* to be adopted by reference in any other pleading or

18   motions, it does not allow motions to be incorporated by reference into pleadings.  *See*
     Fed. R. Civ. P. 10(c); Fed. R. Civ. P. 7(a) (defining pleadings as a complaint, answer to a

19   complaint, answer to a counterclaim designated as a counterclaim, an answer to a

20   crossclaim, a third-party complaint, an answer to a third-party complaint and a reply to an
     answer); *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996); *cf.* LRCiv. 15.1

21   (an amended pleading "is not to incorporate by reference any part of the preceding

22   pleading, including exhibits."); *but cf. Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038
     (9th Cir. 2010) (the doctrine of incorporation by reference allows the Court to consider

23   documents "in situations where the complaint necessarily relies upon the document or the

24   contents of the document are alleged in a complaint, the document's authenticity is not in
     question and there are no disputed issues of fact as to the document's relevance.")

25   (internal citation omitted).  Accordingly, to the extent that Plaintiff intended any

26   "allegations" from the Application for Preliminary Injunction to be included in the
     Amended Complaint, he needed to include such allegations in the Amended Complaint

27   itself.  For these reasons, the Court will not consider any possible "allegations" contained

28   in the Motion for Preliminary Injunction in ruling on Defendants' Motion to Dismiss.

## II.   PROCEDURAL BACKGROUND

On February 17, 2012, Plaintiff filed a Complaint in Navajo County Superior Court alleging that Defendants violated Arizona Revised Statutes sections 33-420(A), (B), and (C) and breached the covenant of good faith and fair dealing.  Thereafter, Defendants removed the case to this Court on the basis of diversity jurisdiction. Defendants then moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court granted Defendants' Motion to Dismiss, finding that Plaintiff had not alleged enough facts to state a claim upon which relief could be granted. However, the Court noted that the Ninth Circuit Court of Appeals had previously instructed District Courts to grant leave to amend sua sponte before dismissing a complaint with prejudice.[4]  Accordingly, the Court granted Plaintiff leave to amend his complaint.

Thereafter, Plaintiff filed an Amended Complaint.  Defendants now move to dismiss the Amended Complaint.  Defendants argue that the Amended Complaint should be dismissed because it fails to state a plausible claim upon which relief can be granted, the statute of limitations bars Plaintiff's claim, and Plaintiff should be barred by the doctrine of laches from pursuing his claim.

To support their argument that Plaintiff's claims should be barred by the doctrine of laches, Defendants have submitted exhibits attached to their Motion to Dismiss.  As discussed more fully in Footnote 1, the Court cannot consider these documents in ruling on a 12(b)(6) Motion to Dismiss.  Accordingly, the Court will not consider Defendants' argument that Plaintiff's claims are barred by the doctrine of laches.  The Court will now discuss the remaining arguments in Defendants' Motion to Dismiss.

---

[4]   While previous precedent from the Ninth Circuit Court of Appeals instructed that district courts should grant *sua sponte* leave to amend when granting a motion to dismiss, the Court of Appeals has recently called that precedent into question in light of the recent revision of the Federal Rule of Civil Procedure 15.  *See Lacey v. Maricopa County*, __F.3d __, 2012 WL 3711591, at *19 (9th Cir. August 29, 2012).

## III.    LEGAL STANDARD

In order to survive a 12(b)(6) motion to dismiss, a complaint must contain allegations that nudge the claims contained therein "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To be plausible, the well-pled factual allegations of the complaint must overcome a "more likely explanation" for a Defendant's conduct.  *Id.* at 681.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief can be granted. *Id.* at 678 (citing *Twombly*, 556 U.S. at 570).  Moreover, "[i]n deciding a 12(b)(6) motion to dismiss, the court is not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* (internal citation and quotation omitted).  Further, "where the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged−but it has not shown that the pleader is entitled to relief."  *Id.* at 679 (internal quotations and citation omitted).  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.*  (quoting *Twombly,* 550 U.S. at 557).

## IV.    ANALYSIS

Defendants move to dismiss Plaintiff's Complaint because Plaintiff has failed to sufficiently plead enough plausible facts to state a claim in his Amended Complaint and Plaintiff's claim is barred by the statute of limitations.

Pursuant to Arizona Revised Statutes section 33-420(B),

> The owner or beneficial title holder of the real property may bring an action pursuant to this section in the superior court in the county in which the real property is located for such relief as is required to immediately clear title to the real property as provided for in the rules of procedure for special actions. This special action may be brought based on the ground that the lien is forged, groundless, contains a material misstatement or false claim or is otherwise invalid. The owner or beneficial title holder may bring a separate special action to clear title to the real property or join such action with an action for

1   damages as described in this section. In either case, the owner
2   or beneficial title holder may recover reasonable attorney fees
    and costs of the action if he prevails.

3   Ariz. Rev. Stat. Ann. § 33-420(B).[5]   Plaintiff argues that he is entitled to "clear title" to

4   the Property because of his allegations that a Deed of Trust recorded on January 9, 2006

5   contains his forged signature.

6       Plaintiff has not successfully alleged that he is entitled to "clear title" to the

7   Property.  Plaintiff does not allege who allegedly recorded the allegedly forged Deed of

8   Trust.  Nor does Plaintiff allege who allegedly forged the Deed of Trust.  Although the

9   Deed of Trust is signed and stamped by a Notary Public, Plaintiff makes no allegations

10  that the notary's signature and stamp are somehow invalid.  Further, Plaintiff does not

11  allege that Defendants do not have a valid lien on the Property.

12      Plaintiff appears to argue that, if the Court found that the Deed of Trust is invalid

13  as a forgery, this would require the Court to "clear title" to the Property.  However, in

14  order for Plaintiff to be entitled to "clear title" of the Property, Plaintiff must allege that

15  Defendants have no valid lien on the Property and why such lien is invalid.

16      In its prior Order granting Defendants' Motion to Dismiss Plaintiff's Complaint,

17  the Court instructed that "Plaintiff must plead some facts that gave rise to the recording

18  of alleged forgeries and how those documents were forgeries." (Doc. 25 at 5).  The Court

19  then stated "[f]or example, Plaintiff could plead the terms in the promissory notes and the

20  deeds of trust that he allegedly signed that are different than the terms in the deeds of

21  trust that were recorded . . . ." (*Id.*).

22      In Response to Defendants' Motion to Dismiss, Plaintiff contends that he should

23  _____

24      [5]   Arizona Revised Statutes section 33-420(B) allows a Plaintiff to bring a
    "special action," which is a procedure unique to Arizona state courts, and specifies that a
25  Plaintiff can bring such action in the superior court in the county in which the real
    property is located.  While this Court does not apply the Arizona state court's procedural
26  rules, this Court, sitting in diversity, can decide whether Plaintiff is entitled to the relief
27  provided for in section 33-420(B).  *See Farris v. Advantage Capital Corp.*, No. CV06-
    1238-PHX-PGR, 2006 WL 3218660, at *2 (D. Ariz. Nov. 6, 2006).
28

- 6 -

not be required to allege differences between the "Deed of Trust he did sign" and the allegedly forged Deed of Trust that was recorded because "neither fraudulent intent nor damages are a requirement for relief under A.R.S. § 33-420(B)."   (Doc. 39 at 6 n.1) Plaintiff further argues that "Defendants should be estopped from complaining that Plaintiff cannot recall the differences between the deed of trust he signed and the deed of trust that is at issue."  (*Id.*).

Plaintiff has failed to nudge his claims across the line from conceivable to plausible.   Plaintiff admits that he signed a Deed of Trust, which created a security interest in the Property.   Plaintiff states that he cannot recall any differences between the Deed of Trust that he did sign and the Deed of Trust that was allegedly forged. Nonetheless, Plaintiff claims that some unnamed person or entity recorded a forged Deed of Trust on the Property six years prior to the filing of Plaintiff's Complaint.   Although Plaintiff's purported signature on the Deed of Trust was notarized, Plaintiff fails to plead any allegations relating to the validity of the notarization.   Plaintiff now seeks to "clear title" to the Property pursuant to section 33-420(B) because Defendants have noticed a Trustee's Sale of the Property based on the allegedly forged Deed of Trust.

Based on the facts alleged in Plaintiff's Complaint, the Court is unable to find that Plaintiff has stated a claim upon which relief can be granted pursuant to Arizona Revised Statutes section 33-420.   While Plaintiff has alleged that there was a forged Deed of Trust recorded on the Property, "threadbare recitals of the elements of a cause of action" do not suffice to state a claim upon which relief can be granted.   Plaintiff fails to allege facts that, if sufficiently pled, would entitle Plaintiff to "clear title" to the Property as required to state a claim upon which relief can be granted pursuant to Arizona Revised Statutes section 33-420(B).

Alternatively, even if Plaintiff stated a claim upon which relief could be granted pursuant to Arizona Revised Statutes section 33-420(B), Plaintiff's claim under section 33-420(B) is barred by the applicable one-year statute of limitations.  *See* Ariz. Rev. Stat.

§ 12–541(5) ("There shall be commenced and prosecuted within one year after the cause of action accrues, and not afterward, the following actions: . . . Upon liability created by statute, other than a penalty or forfeiture.").  Plaintiff argues that this statute of limitations does not apply because, under Arizona law, a cause of action to quiet title for the removal of a cloud on title is never barred by a statute of limitations.  Plaintiff has not brought a cause of action to quiet title in this case.  Rather, Plaintiff seeks "clear title" under Arizona Revised Statutes section 33-420(B).

In this case, the allegedly forged Deed of Trust was recorded on January 9, 2006. Plaintiff did not file a Complaint based on this alleged forgery until February 17, 2012. The "recordation of a deed constitutes notices of its contents." *Transamerica Ins. Co. v. Trout*, 701 P.2d 851, 854 (Ariz. Ct. App. 1985) (citing Ariz. Rev. Stat. § 33-416)).  "The statutory period may begin to run on the date of recording if the recorded deed sets forth facts from which the aggrieved party should have realized it had a cause of action."  *Id.* In this case, Plaintiff alleges that the Deed of Trust that was recorded on the Property that he owned contained his forged signature.  Accordingly, from the face of the Deed of Trust, Plaintiff should have realized that he had a cause of action based on such forgery. Because over six years elapsed between the recording of the allegedly forged deed of trust and Plaintiff's filing of suit, Plaintiff's claim is barred by the one-year statute of limitations.

## V.    CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 32) is granted.

////

///

//

/

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. 27) is denied as moot.  The Preliminary Injunction hearing scheduled for Tuesday, September 25, 2012 at 1:00 p.m. is vacated.

The Clerk of the Court shall enter judgment for Defendants.

Dated this 21st day of September, 2012.


James A. Teilborg
United States District Judge